UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____

| | | |
|---|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) | ) | 3:09-md-02100-DRH-PMF |
| MARKETING, SALES PRACTICES AND | ) | MDL No. 2100 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| _____ | | ORDER |

**This Document Relates to:**

    Patton v. Bayer HealthCare Pharmaceuticals, Inc., et al. No. 3:10-cv-10267-DRH-PMF

    Malik v. Bayer Corporation et al. No. 3:10-cv-11251-DRH-PMF

    Dudziak v. Bayer Corporation, et al., No. 3:10-cv-13042-DRH-PMF

## ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on motions filed in the above captioned actions. Having considered the motions and the relevant rules of law the Court **ORDERS** as follows:

**I.    Patton v. Bayer HealthCare Pharmaceuticals, Inc., et al. No. 3:10-cv-10267-DRH-PMF**

The law firm Milberg LLP and Jeffrey R. Messinger ("Movants"), move for leave to withdraw as counsel of record for Plaintiff Chasity Patton (Doc. 16). Another attorney is not being substituted.

After considering Movants' motion the Court finds that the requirements of Local Rule 83.1(g) have not been satisfied.  Pursuant to Local Rule 83.1(g), Movants were required to notify Plaintiff regarding the motion to withdraw at her last known residential address via personal service or certified mail.  Movants' motion to withdraw and notice of withdraw do not indicate that such notice was provided.  Further, Movants have failed to provide Plaintiff's last known address as required by Local Rule 83.1(g).  Accordingly, Movants' motion to withdraw as counsel of record is **DENIED**.  Movants may re-file a motion to withdraw as counsel of record that complies with the requirements of Local Rule 83.1(g).

**II.   Malik v. Bayer Corporation et al. No. 3:10-cv-11251-DRH-PMF**

This matter is before the Court on Plaintiff's motion to dismiss her action without prejudice pursuant to "Rule 41(a)(1)(A)(ii)" (Doc. 4).  In the instant case, no answer or motion for summary judgment has been filed.  Accordingly, Plaintiff is entitled to a dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i).  The Court treats Plaintiff's motion as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) and hereby **DISMISSES** Plaintiff's action **without prejudice**.

### III.     Dudziak v. Bayer Corporation, et al., No. 3:10-cv-13042-DRH-PMF

This matter is before the Court on Plaintiff's motion for an enlargement of time in which to serve the Complaint that she filed on October 12, 2010 on Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Schering Pharma AG (Doc. 5).  Plaintiff requests the Court grant her fourteen (14) days from the granting of her motion to mail and e-mail the Complaint as instructed in Amended Case Management Order No. 9 (MDL 2100 Doc. 1137).

On December 28, 2010, the Court entered the Second Amended Case Management Order No. 9 (MDL 2100 Doc. 1462) vacating Amended Case Management Order No. 9 (MDL 2100 Doc. 1137).  **Pursuant to the Second Amended Case Management Order No. 9, Plaintiff has ninety (90) days from December 28, 2010 to complete service on Bayer Schering Pharma AG or Bayer HealthCare Pharmaceuticals Inc**. (MDL 2100 Doc. 1462 ¶ III.D).  Accordingly, an enlargement of time is no longer necessary and Plaintiff's motion is **DENIED** as **MOOT**.

**SO ORDERED**

David R. Herndon
2010.12.28 14:23:12
-06'00'

**Chief Judge**                                                                              **Date: December 28, 2010**
**United States District Court**